# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BISHOP-WISECARVER CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 26-03884 |

## COMPLAINT

1. Plaintiff Bishop-Wisecarver Corporation ("Plaintiff") brings this action to seek reliquidation of Plaintiff's entries that have been liquidated for more than 80 days and for which Plaintiff paid duties imposed pursuant to the International Emergency Economic Powers Act (50 U.S.C. § 1701 *et seq*.) ("IEEPA Duties"), without regard to IEEPA Duties.

2. Beginning in February 2025, President Donald Trump issued a series of Executive Orders ("IEEPA Executive Orders") claiming authority to impose IEEPA Duties on imported merchandise, including merchandise imported by Plaintiff and for which Plaintiff paid the IEEPA Duties. On February 20, 2026, in a consolidated case that included *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025), the United States Supreme Court held that "IEEPA does not authorize the President to impose tariffs." *Learning Res., Inc. v. Trump*, 607 U.S. 229, 255 (2026).

3. On March 4, 2026, in a related case, this Court issued an order directing liquidation or reliquidation of entries that were subject to IEEPA Duties. *Atmus Filtration, Inc. v. United States,* No. 26-01259, 2026 WL 616128, at *2 (Ct. Int'l Trade Mar. 4, 2026); *see also Atmus*

*Filtration, Inc. v. United States*, No. 26-01259, 2026 WL 679285, at *2 (Ct. Int'l Trade Mar. 5, 2026), amended sub nom. *Atmus Filtration, Inc.*, No. 26-01259, 2026 WL 2199711 (Ct. Int'l Trade Mar. 20, 2026), amended sub nom. *Atmus Filtration, Inc.*, No. 26-01259, 2026 WL 2199122 (Ct. Int'l Trade Mar. 27, 2026) (collectively, the "*Atmus Filtration* Orders").

4. Defendant U.S. Customs and Border Protection ("CBP" or "Government") subsequently constructed the voluntary Consolidated Administration and Processing of Entries ("CAPE") system for liquidation or reliquidation of certain entries without regard to IEEPA Duties, which commenced receiving declarations from impacted importers on April 20, 2026. The CAPE Phase 1 process allowed importers to seek IEEPA Duty refunds for certain unliquidated entries and entries within 80 days of liquidation. The CAPE Phase 2 process (effective June 29, 2026) allowed importers to seek IEEPA Duty refunds for certain reconciliation entries.

5. To date, finally liquidated entries and entries liquidated for more than 80 days have not been accepted by the CAPE system for processing. The Government's position has been that a court order directing the reliquidation of finally liquidated entries, would be necessary to provide CBP with the authority to reliquidate these entries.

6. In response to the Government's position, this Court issued Orders in the 3,700+ IEEPA Duty refund actions then pending before this Court directing CBP to reliquidate, without regard to IEEPA Duties, any and all of the entries of plaintiffs in those actions that have been liquidated for more than 80 days and to provide those plaintiffs with access to, and instructions for accessing, the CAPE system for submitting refund claims related to these fully liquidated entries. *See* In Re *Tariffs Collected in Reliance on International Emergency Economic Powers Act (IEEPA)*, *Euro-Notions Florida, Inc.*, Case No. 1:25-cv-00595, ECF 52 (July 20, 2026) (Ct. Int'l

Trade); *see also Princess Awesome, LLC et. al.,* Case No. 1:25-cv-00078, ECF 25 (July 15, 2026) (Ct. Int'l Trade) (collectively, the "CAPE Phase 3 Orders").

7. Plaintiff, who has paid IEEPA Duties, brings this action seeking a full refund of all such duties paid. Plaintiff seeks its own Order from this Court, consistent with the CAPE Phase 3 Orders, directing CBP to reliquidate, without regard to IEEPA Duties, all of Plaintiff's entries that have been liquidated for more than 80 days and to fully refund IEEPA Duties paid for those entries. Plaintiff further seeks an Order from this Court granting it eligibility to submit a CAPE declaration for its finally liquidated entries, in accordance with instructions to be provided by CBP and conveyed to Plaintiff's counsel as described in the CAPE Phase 3 Orders.

## PARTIES

8. Plaintiff is a U.S. corporation organized under the laws of the State of California and an importer, as defined in 19 C.F.R. § 101.1, of merchandise subject to IEEPA Duties.

9. Defendant CBP is a component agency of the U.S. Department of Homeland Security headquartered in Washington, D.C. and is responsible for collecting duties and taxes on goods imported into the United States.

10. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

11. Defendant United States of America received the IEEPA Duties and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(l)(B).

## JURISDICTION AND STANDING

12. Subject-matter jurisdiction exists in this Court under 28 U.S.C.§ 1581(i) and 28 U.S.C. § 2631(i). *See, e.g., Learning Res., Inc. v. Trump,* 607 U.S. 229, 240 n.1 (2026).

13. 28 U.S.C. § 1585 confers on this Court the same powers in law and equity as conferred on a United States District Court. Under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and order any other appropriate civil relief, including declaratory judgments, injunctions, orders of remand, and writs of mandamus or prohibition. 28 U.S.C. §§ 2643(a)(l), (c)(l).

14. As the importer of record of goods imported into the United States from countries subject to IEEPA Duties collected by CBP (and those IEEPA Duties having since been held by the Supreme Court to be unlawful), Plaintiff has standing to bring this timely action under 28 U.S.C.§ 1581(i). The underlying IEEPA Executive Orders caused Plaintiff to pay the unlawful IEEPA Duties to the United States. Plaintiff has thus suffered injury caused by those orders and is entitled to relief from this Court to redress those injuries.

## FACTS

### I. The IEEPA Executive Orders and Related Executive Actions

15. President Trump issued three Executive Orders on February 1, 2025, imposing IEEPA Duties on imports from Mexico, Canada and China. The Executive Orders asserted authority under IEEPA based on purported national emergencies, including as related to illegal drug imports, the influx of illegal aliens, and an influx of drug and human traffickers.

16. The Executive Order on Mexico, Executive Order 14194, 90 Fed. Reg. 9117, "*Imposing Duties To Address the Situation at Our Southern Border*," imposed an additional 25% tariff on goods imported from Mexico (with certain exceptions), based on threats to the United States related to the alleged failure of Mexico to prevent the entry of illegal aliens and illicit drugs into the United States, and to intercept drug and human traffickers and other criminals.

17. The Executive Order on Canada, Executive Order 14193, 90 Fed. Reg. 9113, "*Imposing Duties to Address the Flow of Illicit Drugs Across Our Northern Border*," imposed a 25% tariff (with certain exceptions) based on an emergency caused by opioid trafficking.

18. The Executive Order on China, Executive Order 14195, 90 Fed. Reg. 9121, "*Imposing Duties to Address the Synthetic Opioid Supply Chain in the People's Republic of China*," also declared an emergency because of opioid trafficking, the influx of illegal aliens, and the failure to deter chemical precursor suppliers, money launderers, and other criminals, and imposed an additional 10% *ad valorem* tariff on products from China imported into the United States on top of existing duties.

19. On February 5, 2025, the President issued Executive Order 14200, 90 Fed. Reg. 9277, "*Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China.*"

20. On March 3, 2025, the President issued Executive Order 14228, 90 Fed. Reg. 11463, "*Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*," raising the incremental tariffs on imports from China to 20%, claiming that China had not taken adequate steps to address the illicit drug crisis.

21. On April 2, 2025, citing trade deficits and a lack of reciprocity with our trading partners as a national emergency, the President issued Executive Order 14257, 90 Fed. Reg. 15041, "*Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices that Contribute to Large and Persistent Annual United States Goods Trade Deficits.*" This Order imposed a 10% baseline tariff on nearly all imports to the United States, effective April 5, 2025, and additional "reciprocal" tariff rates on 57 countries, effective April 9, 2025, ranging from 11% to 50%.

22. On April 8, 2025, the President imposed additional retaliatory tariffs on China, raising the country-specific rate by 50% (from 34% to 84%). Exec. Order No. 14259, 90 Fed. Reg. 15509, "*Amendment to Reciprocal Tariffs and Updated Duties as Applied to Low-Value Imports from the People's Republic of China.*" On April 9, 2025, the President suspended for 90 days the higher country-specific IEEPA tariff rates on all countries except for China (whose rate was raised from 84% to 125%. (Exec. Order No. 14266, 90 Fed. Reg. 15625 (Apr. 9, 2025), "*Modifying Reciprocal Tariff Rates to Reflect Trading Partner Retaliation and Alignment*.")).

**II. Implementation and Subsequent Termination of the IEEPA Duties**

23. Defendants directed that merchandise subject to the IEEPA Duties be entered under new tariff codes under the Harmonized Tariff Schedule of the United States ("HTSUS").

24. Defendant CBP is responsible for the assessment and collection of duties, including the IEEPA Duties, after confirming the HTSUS classification of subject goods. *See* 19 U.S.C. §§ 1202, 1500, 1502.

25. In April 2025, *V.O.S. Selections, Inc. v. Donald J. Trump*, 772 F. Supp. 3d. 1350 (Ct. Int'l Trade 2025) was brought challenging the validity of the IEEPA Duties and their underlying Executive Orders. On May 28, 2025, this Court granted summary judgment to the plaintiffs in *V.O.S. Selections* and permanently enjoined the Government from enforcing the IEEPA Duties. The Government appealed the decision to the Court of Appeals for the Federal Circuit, which stayed this Court's decision and injunction, and ordered an expedited briefing schedule and hearing. Sitting *en banc*, the Federal Circuit affirmed this Court's decision that the IEEPA Duties are unlawful. *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025).

26. In its motion to the Federal Circuit in *V.O.S. Selections* to stay the CIT's judgment, the Government confirmed that "[i]f tariffs imposed on plaintiffs during these appeals

are ultimately held unlawful, then the government will issue refunds to plaintiffs, including any post-judgment interest that accrues." *Id.*, Dkt. No. 6 at 25 (Fed. Cir. May 29, 2025).

27. The President continued to rely on IEEPA to issue additional Executive Orders imposing and amending IEEPA Duties in the months following the complaint in *V.O.S. Selections*, and CBP continued to collect IEEPA Duties.

28. After the Federal Circuit affirmed this Court's *V.O.S. Selections* holding that the IEEPA Duties are unlawful, the U.S. District Court for the District of Columbia in a separate lawsuit held that IEEPA does not authorize the use by the President of any tariffs. *See Learning Res., Inc. v. Trump*, 784 F. Supp. 3d 209 (D.D.C. 2025), *cert. granted before judgment*, No. 24-1287, 2025 WL 2601021 (U.S. Sept. 9, 2025). Before the Court of Appeals for the D.C. Circuit held argument on appeal, the Supreme Court granted certiorari in both *V.O.S. Selections* and *Learning Resources*, consolidating the cases and holding argument on November 5, 2025.

29. On February 20, 2026, the Supreme Court issued its opinion in both cases holding that "IEEPA does not authorize the President to impose tariffs." *Learning Res., Inc. v. Trump*, 607 U.S. 229, 255, 146 S. Ct. 628 (2026).

30. The IEEPA Tariffs were formally lifted on February 24, 2026, pursuant to Executive Order 14389, "*Ending Certain Tariff Actions.*"

## III. IEEPA Duty Refunds and CAPE Process

31. On March 4, 2026, this Court in *Atmus Filtration* directed the liquidation or reliquidation by CBP of entries that were subject to IEEPA Duties. *See Atmus Filtration* Orders.

32. On March 6, 2026, at a conference in the *Atmus Filtration* case, the Government acknowledged that it would, at least in part, comply with the Court's order by constructing the voluntary CAPE system for liquidation or reliquidation of certain entries without regard to IEEPA

Duties. The CAPE system commenced receiving declarations from importers on April 20, 2026, and has since expanded to cover more categories of entries. The CAPE Phase 1 process (effective April 20, 2026) allowed importers to seek IEEPA Duty refunds for certain unliquidated entries and entries within 80 days of liquidation. The CAPE Phase 2 process (effective June 29, 2026) allowed importers to seek refunds for certain reconciliation entries.

33. Pursuant to CAPE Phase 3 Orders issued on or around July 15, 2026, CBP must reliquidate, without regard to IEEPA Duties, all entries of plaintiffs that have been liquidated for more than 80 days and on which IEEPA Duties have been paid.

34. For purposes of the CAPE Phase 3 Orders, reliquidation of entries that have been liquidated for more than 80 days is subject to submission by the plaintiff's counsel to CBP of importer of record identification numbers, in accordance with instructions to be provided to counsel by CBP, and CBP's acceptance of these submissions.

35. Defendants have stated that they will "not object to the Court ordering reliquidation of…entries" where unlawful IEEPA Duties were paid, and that "even if future entries are liquidated, defendants do not intend to oppose the Court's authority to order reliquidation…Such reliquidation would result in a refund of all duties determined to be unlawfully assessed, with interest." *AGS Co. Auto. Sols. v. U.S. Customs & Border Prot.*, 813 F. Supp. 3d 1298, 1300-1301 (Ct. Int'l Trade 2025).

**IV. Plaintiff has Paid IEEPA Duties**

36. Plaintiff has paid IEEPA Duties to the Defendants.

37. Plaintiff's imported merchandise subject to IEEPA Duties entered the United States under the new IEEPA-specific HTSUS codes from foreign countries.

38. Plaintiff paid IEEPA Duties on a continuous basis.

39. Plaintiff's entries impacted by IEEPA Duties have finally liquidated, *i.e.,* have been liquidated for more than 90 days and are thus beyond the period for reliquidation set out in 19 U.S.C. § 1501.

## STATEMENT OF CLAIMS

## COUNT I

### THE PRESIDENT EXCEEDED HIS AUTHORITY IN IMPOSING IEEPA DUTIES AND BOTH THE CHALLENGED DUTIES AND UNDERLYING EXECUTIVE ORDERS ARE UNLAWFUL FOR THE REASONS STATED BY THE SUPREME COURT

40. Plaintiff incorporates paragraphs 1-39 above by reference.

41. The President's asserted authority to impose the IEEPA Duties was based entirely on IEEPA, 50 U.S.C. § 1701 *et seq*. However, IEEPA does not provide authorization for the President to impose the IEEPA Duties, nor does any other statute cited in the underlying IEEPA Executive Orders (including the National Emergencies Act, 50 U.S.C. § 1601 *et seq*., Section 604 of the Trade Act of 1974, as amended, 19 U.S.C. § 2483, and 3 U.S.C. § 301).

42. The Supreme Court in *Learning Resources* held that IEEPA does not authorize the President to impose tariffs and affirmed the Federal Circuit's decision invalidating the tariffs imposed under IEEPA through the underlying Executive Orders. *Learning Res., Inc.,* 607 U.S. at 254-255. The Federal Circuit's decision in turn affirmed the judgment of this Court in *V.O.S. Selections* that the IEEPA Duties were unlawful and that the President exceeded his authority in imposing the IEEPA Duties. *V.O.S. Selections, Inc.*, 772 F. Supp. 3d. at 1383.

43. This Court is bound by the *Learning Resources* decision.

44. This Court issued CAPE Phase 3 Orders granting plaintiffs with pending IEEPA Duty refund cases eligibility to process refund applications through the CAPE Phase 3 protocol and directing CBP to reliquidate their finally liquidated entries without regard to IEEPA Duties.

45. Based on the reasoning the Supreme Court set forth in *Learning Resources*, and this Court's CAPE Phase 3 Orders, Plaintiff respectfully requests an Order from the Court (i) holding that Plaintiff is entitled to a full refund of all IEEPA Duties paid, including those duties paid in connection with its finally liquidated entries of impacted merchandise, and (ii) directing CBP to reliquidate, without regard to IEEPA Duties, all Plaintiff's entries that have been liquidated for more than 80 days and on which Plaintiff paid IEEPA Duties.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court:

1) order CBP to reliquidate, without regard to IEEPA Duties, any and all of Plaintiff's entries that have been liquidated for more than 80 days and on which Plaintiff paid IEEPA Duties, in line with the Court's CAPE Phase 3 Orders;

2) authorize Plaintiff to submit a CAPE Phase 3 declaration for its finally liquidated entries, in accordance with instructions to be provided by CBP (including with respect to the provision of importer of record and entry summary identification) and conveyed to Plaintiff's counsel in connection with the CAPE Phase 3 process;

3) award Plaintiff its reasonable costs, including attorneys' fees, incurred in bringing this action; and

4) grant such further relief as this Court deems proper.

Dated: September 4, 2026

Respectfully submitted,

*/s/ James K. Kearney*
James K. Kearney
Womble Bond Dickinson (US) LLP
8350 Broad Street, Suite 1500
Tysons, VA 22102
(E): james.kearney@wbd-us.com
(T): (703) 394-2214

*/s/ Julius H. Bodie*
Julius H. Bodie
Womble Bond Dickinson (US) LLP
2001 K Street, NW, Suite 400 South
Washington, DC 20006
(E): julius.bodie@wbd-us.com
(T): (202) 857-4552

*Counsel for Plaintiff*

**Certificate of Service**

**Case No. 26-03884**

Pursuant to U.S Court of International Trade Rule 4(b) and (h), I hereby certify that on September 4, 2026, I served a copy of the Summons, Complaint, Form 5, Form 11, and Form 13 by certified mail, return receipt requested, upon the following:

Attorney-In-Charge
International Trade Field
Office Commercial Litigation
Branch U.S. Department of
Justice 26 Federal Plaza
New York, NY l0278

Attorney-In-Charge
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Ave., NW
Washington, DC 20229

Attorney-In-Charge
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

*/s/ James K. Kearney*
James K. Kearney